

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 14, 1961

Honorable Sim W. Goodall
County Attorney, Hall County
County Courthouse
Memphis, Texas        Opinion No. WW-1113

                Re:   Authority of Commis-
                      sioners Court to purchase
                      existing hospital facili-
                      ties for use as a
                      county hospital; autho-
                      rity of Commissioners
                      Court to employ counsel;
                      authority for the
                      creation of a hospital
                      district in Hall
Dear Mr. Goodall:          County.

       Your letter of July 12, 1961, requests our
opinion on the following six questions.

> "#1. Is the commissioners court
> authorized to purchase existing
> hospital facilities with the pro-
> ceeds from the sale of the hospital
> bonds?

> "#2. Is the commissioners court
> authorized to employ an attorney
> at the rate of $20.00 per hour to
> investigate the problems with regard
> to the construction of a County
> Hospital and to advise the court on
> legal issues? This legal fee to be
> paid by the county.

> "#3. Out of which fund will the
> attorney's fees be paid?

> "#4. Is it practical or legally
> possible to establish a hospital
> district within the boundaries of
> this county this year?

"#5. May the commissioners court
delay the construction of a county
hospital until such time as a hospital
district is established?

"#6. Are the tax consequences and
other facts stated in the inclosed
FINANCIAL ANALYSIS prepared by the
attorney employed by three of the
commissioners correct?"

The powers of Commissioners Courts in regard to
county hospitals are found in Article 4478, Vernon's Civil
Statutes. Explicit power to "purchase or erect all neces-
sary buildings," as is set out in that article, seems to
us the clearest of authority for the purchase of existing
hospital facilities.

In answer to your second question, we are of the
opinion that the employment of an attorney in this instance
was authorized. While a Commissioners Court may not retain
an attorney for general legal services, it may employ an
attorney for service in a particular matter that is of
unusual public importance. Attorney General's Opinions Nos.
0-7474 (1946), 0-4955 (1942); 0-1372 (1939); Gibson v. Davis,
236 S.W. 202 (Civ.App. 1921); 15 Tex.Jur.2d 277, Counties,
Sec. 48.

Fees for such legal services should be paid from
the county's General Fund. Attorney General's Opinions Nos.
0-4955, 0-1372.

Your fourth and fifth questions relate to the
establishment of a hospital district in Hall County. Accord-
ing to the United States Census of 1960, Hall County's popu-
lation is 7,322. Legislation permitting the creation of
hospital districts does not apply to counties with a popula-
tion of less than 190,000, other than Galveston County.
Article 4494n, Vernon's Civil Statutes; Texas Constitution,
Article IX, Section 4. Although special provisions for the
establishment of hospital districts in certain specified
counties have been enacted in recent years, Hall County is not
one of those so favored. Texas Constitution, Article IX,
Sections 5, 6, 7 and 8.

Your sixth question is not within our province.
This office is authorized to render opinions on questions of
law only.

S U M M A R Y

The Commissioners Court of Hall
County is authorized to purchase
existing hospital facilities for
use as a county hospital; and to
employ an attorney for the
special purpose of advising the
Court in regard to legal matters
relative to the construction of
such county hospital.  Fees for
such legal services should be
paid from the county's General
Fund.  No authority exists for
the creation of a hospital district
in Hall County.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Gilbert Hargrave
Assistant

GH:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
Howard Mays
Jack N. Price
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.